IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WAYNE LEWIS,
    Plaintiff,

v.                                                                         Civil No. 3:24cv373 (DJN)

DETECTIVE HAMBRIGHT, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Wayne Lewis, a federal inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. This matter comes before the Court for evaluation of Lewis's Particularized Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, Lewis's Particularized Complaint (ECF No. 12) and the action will be DISMISSED as frivolous, malicious and for failure to state a claim.[1]

## I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous or malicious" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The frivolous standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The malicious standard is addressed in Part III.B. The last

---

[1] The Court employs the pagination assigned by CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Plaintiff's submissions.

standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). To survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Lewis has a long criminal history in this Court. In 2016, following his guilty plea to committing Hobbs Act robbery, Lewis was sentenced to seventy-one months of imprisonment. *United States v. Lewis*, 3:15cr144-HEH, ECF No. 31, at 1–2 (E.D. Va. Jan. 8, 2016).

In conjunction with that guilty plea, Lewis stipulated to the following Statement of Facts:

> 1. On or about November 23, 2014, in the Eastern District of Virginia and elsewhere within the jurisdiction of this Court, the defendant, WAYNE LEWIS, and another individual, did knowingly and unlawfully, obstruct, delay and affect, and attempted to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of any article or commodity in commerce, by knowingly and willfully committing robbery, to wit: the defendant did aid and abet the unlawful taking and obtaining of property consisting of United States currency, belonging to Exxon, a business engaged in interstate commerce, in the presence of Exxon employee R.P., against his will, by means of actual and threatened force, violence and fear of injury, immediate and future, to their persons, in violation of Title 18, United States Code, Sections 1951 (a) and 2.
> 2. On or about the night of November 23, 2014, and going into the morning of November 24, 2014, LEWIS and an accomplice traveled south on Interstate 95 from Richmond to Chesterfield County to commit a robbery. The two men were driving in a white Dodge van rented by LEWIS. During all relevant times, LEWIS aided and abetted the robbery by serving as the driver of the getaway van and helping to execute the robbery.

> 3. Upon arriving to the Woods Edge Road Exxon, a commercial establishment located at 15740 Woods Edge Road, Chesterfield, Virginia, at approximately midnight, LEWIS dropped off his accomplice who entered into the store. After approaching the store counter, the accomplice brandished an antique firearm and physically assaulted the clerk, R.P., by grabbing the back of his neck. After the assault, the accomplice obtained approximately $300 United States currency from behind the counter in the presence of the clerk. After obtaining the money, the accomplice and clerk began to fight over possession of the antique firearm. After regaining control over the antique firearm, the accomplice fled the store. Due to the robbery, the Woods Edge Road Exxon business was shut down for a period of time thus affecting interstate commerce.
>
> 4. During the course of the robbery, LEWIS parked the getaway vehicle in an adjacent parking lot to await his accomplice's flight from the convenience store. Immediately following the robbery, the accomplice ran from the store and got into the passenger side of the rental van driven by LEWIS. Shortly thereafter, the vehicle fled onto Interstate 95 where it was located by the Chesterfield Police. A marked Chesterfield Police unit got behind the suspect van traveling northbound at posted speed limits. After following the van for several miles, the Chesterfield Police units initiated their emergency lights and equipment to conduct a traffic stop near the Maury Street exit. In response, LEWIS refused to pull over and a high-speed pursuit ensued. At this point, LEWIS increased speed and made an abrupt exit at Chamberlayne Road. Due to other vehicles on the road, Chesterfield marked units could not safely make the exit to continue pursuing the suspect vehicle. The pursuit was terminated at this time, thus allowing LEWIS and his accomplice to escape.

*United States v. Lewis*, 3:15cr144-HEH, ECF No. 20, at 1–2 (E.D. Va. Oct. 8, 2015).

In the present action, Lewis sues: Detective Hambright of the Chesterfield Police Department; Gary Teeslink an agent with the Bureau of Alcohol, Tobacco, and Firearms; and Erik Siebert with the United States Attorneys' Office for the Eastern District of Virginia. (ECF No. 12, at 1.) Lewis claims that, in 2014 and 2015, these Defendants used a "false police report" to defame Lewis, (*id.*), and violated Lewis's rights during his criminal proceedings, (*id.* at 9–14).

### III. ANALYSIS

**A.    Lewis fails to state a claim and his claims are frivolous.**

It proves both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Lewis's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir.

4

1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). As discussed below, any claim that necessarily implies the invalidation of Lewis's conviction and sentence stands barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and any Fourth Amendment claim for damages that may withstand *Heck* stands barred by the statute of limitations.

Here, Lewis seeks monetary damages that would require the invalidation or vacation of his criminal convictions. The basic premise behind his allegations — that he may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence as well as monetary damages stemming from the purportedly improper incarceration — "is legally frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court has extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In *Balisok*, the Supreme Court concluded that a challenge based upon the purported bias of the decision-maker, necessarily implied the invalidity of the sanction imposed by the decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

*Heck* and related cases bar Lewis's claims seeking monetary damages, because success on the action would necessarily imply the invalidity of his convictions. *See Wilkinson*, 544 U.S. at 79 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Lewis's Hobbs Act robbery conviction has not been invalidated. *Heck*, 512 U.S. 486–87. Thus, Lewis's claims are legally frivolous. *Wilkinson*, 544 U.S. at 81–82; *see Preiser*, 411 U.S. at 500 (holding that writ of habeas corpus is the sole federal remedy when an inmate challenges the fact of imprisonment and relief sought is finding that the inmate is entitled to release); *cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible § 1983 claim of malicious prosecution for unreasonable seizure of the person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff']s favor").

6

The Court recognizes that the Supreme Court has noted that certain Fourth Amendment claims potentially may be raised in a § 1983 action without running afoul of the bar in *Heck*. *See Heck*, 512 U.S. at 487 n.7.[2] However, no need exists to extensively explore whether any of Lewis's constitutional claims against Defendants are not barred by *Heck*, because, as discussed below, any such claim would be barred by the statute of limitations.

Under 28 U.S.C. § 1915A, the Court must dismiss claims that the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2025). Thus, Lewis should have filed this action within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

---

[2] The Court explained:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in trial resulting in the § 1983 plaintiff's still outstanding conviction. Because of doctrines like independent source and inevitable discovery and especially harmless error, . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (internal citations omitted).

7

Here, Lewis's claims accrued almost a decade ago. For Lewis's claims to be timely, he was required to file his original complaint by 2018 or 2019. Lewis, however, did not file his original complaint in this matter until 2023. Thus, any claim not barred by *Heck* would be barred by the relevant statute of limitations. Accordingly, Lewis's claims will be dismissed as legally frivolous.

### B. Lewis's claims are malicious.

The courts are charged with dismissing an action proceeding in forma pauperis at any time during the course of the litigation that it becomes clear that the action is frivolous or malicious. 28 U.S.C. §§ 1915A, 1915(e)(2); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993). The courts have long recognized that inmate complaints against state officials are a particularly fertile arena for frivolous and malicious litigation. *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir. 1975) (cautioning the district courts to be particularly "diligent in acting to prevent state prisoners from calling upon the financial support of the federal government to prosecute frivolous civil suits intended to harass state prison officials"). This Court has previously stated:

> A litigant may be deemed to act maliciously if his actions "[i]mport a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." BLACK'S LAW DICTIONARY, Special Fifth Ed. at 863 (1981). Therefore, "the court must assess the character of the allegations insofar as they indicate a motive on the part of the plaintiff to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim." *Daves v. Scranton*, 66 F.R.D. 5, 7 (E.D. Pa. 1975) (dismissing convicted rapist's conspiracy claim against his victim and prosecutors). After reviewing the sparse precedent and the legislative history of § 1915, Judge Larkins concluded:
>> when there is no recital of credible probative facts that support the allegations that the plaintiff is attempting to make, the Plaintiff sues those involved in securing his incarceration, and the tone of all the Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the Defendants and not to rectify any wrong done to him, then the suit is a MALICIOUS one.
> *Spencer* [*v. Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C. 1987)]. Furthermore, in ascertaining whether a particular action is malicious, the Court's review is not

limited to the current complaint, but is guided by the plaintiff's past litigious conduct.

*Cain v. Com. of Va.*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (cleaned up).

Here, Lewis seeks to sue the individuals involved in his 2015 criminal case, and "there is no recital of credible probative facts that support the allegations that the plaintiff is attempting to make." *Id.* (citing *Spencer*, 656 F. Supp. at 463–64). Further, the tone of Lewis's allegations indicates that he is merely engaged in recreational litigation, rather than seeking redress for legitimate claims. Accordingly, the Court finds that the action qualifies as malicious.

## IV.     CONCLUSION

The action will be DISMISSED as frivolous, malicious and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Lewis.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 26, 2025

9